**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARVIN MONTIEL MAJANO,** | : | **CIVIL ACTION NO. 3:CV-11-1530** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| **THOMAS DECKER, et al.,** | : | |
| | : | |
| | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On August 18, 2011, Petitioner, Marvin Montiel Majano, formerly an inmate at the York County Prison ("YCP"), York, Pennsylvania, and now released from ICE's custody, filed *pro se*, this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner attached Exhibits of his habeas petition. Petitioner paid the required filing fee. Petitioner was confined at YCP located in the Middle District of Pennsylvania and, thus, this District Court had jurisdiction over his habeas petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

On October 30, 2011, we issued an Order to Show Cause, and directed the Respondents to respond to the habeas petition. (Doc. 9). On November 2, 2011, Respondents filed their Response to the habeas petition with attached Exhibits. (Doc. 10). Petitioner did not file a Traverse.

Subsequently, on March 15, 2012, Respondents filed a "Suggestion of Mootness" stating that Petitioner has been released from ICE custody and confinement at YCP on an Order os Supervision.

(Doc. 11). According to the "Suggestion of Mootness," the information pertaining to the Petitioner's release was obtained by the United States Attorney's Office, M.D. PA, from the ICE detainee locator, which indicated Petitioner's status as "not in custody," which was confirmed by telephone conversation with ICE's chief counsel. (Doc. 11, p. 1, n. 1). Based on the representation of Respondents' counsel that the information provided by ICE indicated that Petitioner has been released from confinement at YCP, we issue this Report and Recommendation ("R&R") and recommend that this habeas petition be dismissed as moot.

## II. Factual Background.

Petitioner Majano is a citizen and native of El Salvador and a former Lawful Permanent Resident (as of February 4, 1994) of the United States. (Doc. 10, Ex. B). On November 20, 1996, the Circuit Court of Arlington County, Virginia, convicted the Petitioner for the offense of malicious wounding. (*Id.*). Immigration and Naturalization Services placed the Petitioner in removal proceedings, and on November 2, 2001, the Immigration Court ordered the Petitioner removed from the United States. (*Id.*). On December 31, 2001, Petitioner was physically removed from the United States to El Salvador. (*Id.*).

On October 21, 2008, Petitioner was arrested for a second time on U.S. soil during a traffic stop. (*Id.*). As a result of this second arrest, on October 22, 2008, the Department of Homeland Security (the "DHS") issued a Form I-1871 Notice of Intent/ Decision to Reinstate Prior Order of Removal. (*Id.*). Petitioner pled guilty, in the United States District Court of Maryland, to Reentry of an Alien Deported after Aggravated Felony Conviction and, on June 8, 2009, the Court sentenced him to thirty (30) months of incarceration. On January 14, 2011, after completing service of his 30-

month sentence, and Petitioner was released from BOP custody and held in ICE's custody from that point forward. (*Id*., Ex. D).

After the Reinstatement Notice was issued, the Petitioner expressed a fear of return to El Salvador. (*Id.,* Ex. E*)*. Accordingly, an asylum officer interviewed Petitioner, and on February 17, 2011, the Immigration Judge ("IJ") found Petitioner to have a reasonable fear of persecution or torture. (*Id.)*. Subsequently, Petitioner appeared before the Immigration Court for several master hearings, and submitted an I-589 Application for Asylum and Withholding of Removal.

On June 24, 2011, the Immigration Judge issued a written decision ordering Petitioner removed, but granted his application for deferral of removal under the Convention Against Torture Act ("CAT"). (Doc. 10, Exs. B & C). On July 22, 2011, the DHS appealed the Immigration Judge's Order to the Board of Immigration Appeals, which is currently pending. *(Id.)*. Lastly, as discussed, Petitioner filed his instant habeas petition on August 18, 2011, claiming that his contiuned detetnion by ICE for eight months, notwithstanding the deferral of removal he was granted under CAT, is unconstitutional. (Doc. 1).

**III. Claims of Habeas Petition**.

Petitioner claimed that he is not subject to a Final Order of Removal because "opposition to his relief is currently pending before the BIA" and that he is therefore "being detained pursuant to the pre-removal order detention statute set forth in due to 8 U.S.C. 1226(c)." (Doc. 1)

Additionally, Petitioner claimed that he should be released from ICE custody while the appeal of his deferral of removal under CAT was pending with the BIA. (*Id.).* Petitioner stated that because he has been detained for eight (8) months, and because his removal from the United States was not

likely to occur in the reasonably foreseeable future due to the pending appeal, he should be released from ICE custody. (*Id.*). Petitioner claimed that his continued detention by ICE was contrary to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*). Petitioner also stated that his indefinite detention was unconstitutional as it violated his due process rights, both substantive and procedural, under *Zadvydas v. Davis*. (*Id.*). Petitioner stated that he has already been detained in excess of the 6-month presumptively reasonable removal period, and that his removal was not significantly likely to occur in the reasonably foreseeable future. (*Id.*). Thus, Petitioner contended that his detention by ICE while awaiting his removal was in excess of the six month period allowed by *Zadvydas v. Davis*, and therefore was unconstitutional. (Doc. 1).

As relief, Petitioner requested that the Court either remand his case to Immigration Court for the "purpose of providing Petitioner with individualized bond hearing reviewing the facts of the case" or to place him on supervised release. (*Id.*).

**IV. Discussion.**

In their "Suggestion for Mootness," Respondents' contention is that Petitioner's habeas petition should be dismissed as moot since Petitioner was released from ICE custody on an Order of Supervision. (Doc. 11). Respondents also state that because the *Zadvydas* issues presented in the habeas petition are moot since Petitioner is no longer in ICE custody, the Court should dismiss the habeas petition. (*Id.*). Because we agree with the Respondents that Petitioner's habeas petition is now moot, we shall not detail any further the merits with respect to Petitioner's habeas claims.

In his habeas petition, as mentioned, Petitioner sought supervised release from ICE's custody. His habeas petition is now moot, as the Respondents contend. *See Kurochka v. Sabol*, 2009 WL

4937599 (M.D. Pa. 12-14-09)(citing *Novas v. ICE,* 303 Fed. Appx. 115, 118, n. 3 (3d Cir. 2008)("release from ICE custody moots habeas petition solely addressing the detention issue.")). Thus, as Respondents indicate, Petitioner's present challenge to his continued custody by ICE and his continued detention at YCP is moot since Petitioner has now been released from ICE's custody on an Order of Supervision.

In *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition.  Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." In the present case, Petitioner Majano sought habeas relief only seeking release from ICE's custody, and he claimed that ICE violated his due process rights by subjecting him to indefinite detention in violation of *Zadvydas*.  Thus, Petitioner claimed he was being unlawfully detained by ICE at YCP for over eight months.  The question arises as to whether Petitioner's claims are moot since he has now been released from ICE's custody.  In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *(Id.).*  (Citations omitted).

In *Nkemakolam v. Decker*, 2005 WL 2715905, *2 (M.D. Pa.), the Court stated:

> The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In other words, throughout the course of the action, the aggrieved party must suffer

5

> or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477. The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)); *see also Gaeta v. Gerlinski,* Civil No. 3:CV-02-465, slip op. at p. 2 (M.D.Pa. May 17, 2002) (Vanaskie, C.J.).

*See also Fofana v. District Director for ICE*, 2009 WL 3616101 (M.D. Pa.).

Because Petitioner Majano is no longer being detained at YCP by ICE, his habeas petition is moot. The relief Petitioner requested, *i.e.* for the Court to order his release from ICE custody, cannot be granted by the Court in light of his recent release from ICE's custody. We find that Petitioner no longer has a case or controversy before this Court, because he does not presently have any adverse effects regarding his prior detention by ICE due to his release from ICE custody.

Accordingly, we find that Petitioner's release from federal custody truly constitutes an end to his detention. Petitioner is no longer threatened with any actual injury traceable to Respondents and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's habeas corpus petition. We therefore conclude that Petitioner's habeas petition should be dismissed as moot as Respondents request. *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible); *Phat v. Gonzales*, 2007 WL 2407287 (M.D. Pa.)(habeas petition of alien in custody of ICE challenging his continued detention was moot since Petitioner was released from ICE custody on an order of

6

supervision); *Nkemakolam v. Decker*, 2005 WL 2715905 (M.D. Pa.) (habeas Petition was dismissed as moot since Petitioner was granted a cancellation of removal and released from ICE custody); *Brown v. Attorney General*, Civil No. 09-0681, M.D. Pa.; *Fofana v. District Director for ICE*, 2009 WL 3616101; *Garcia v. Sabol*, 2009 WL 1936954 (M.D. Pa.); *Madiyev v. Holder*, Civil No. 10-0605, M.D. Pa.

We find that, based on the above discussion, Petitioner's habeas petition is moot regarding his claims on his alleged indefinite detention by ICE. Because Petitioner's habeas claims are now moot, we shall recommend that Petitioner's habeas petition (Doc. 1) be dismissed.

**V. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition **(Doc. 1)** be dismissed as moot.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: March 20, 2012**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARVIN MONTIEL MAJANO,** | : | CIVIL ACTION NO. 3:CV-11-1530 |
| | : | |
| Petitioner | : | **(Judge Caputo)** |
| | : | |
| v. | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **THOMAS DECKER, et al.,** | : | |
| | : | |
| | : | |
| | : | |
| **Respondents** | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 20, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed
> before the magistrate judge, making his or her own determination on the

basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                         **s/ Thomas M. Blewitt**
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: March 20, 2012**